IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELECIA A. REDDING,

          Plaintiff,

vs.

JAMES N. MATTIS, SECRETARY,
U.S. SECRETARY OF DEFENSE,

          Defendant.

Civ. No.: 16-2149 (TSC)

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant James N. Mattis, Secretary, U.S. Department of Defense, in his official capacity, hereby answers Plaintiff Felecia A Redding's First Amended Complaint.

## NATURE OF ACTION

1. Paragraph 1 characterizes Plaintiff's cause of actions, to which a response is not necessary. To the extent a responses is necessary, Defendant denies the allegations.

## JURISDICTION AND VENUE

2. Paragraph 2 asserts a conclusion of law to which no response is required.

3. Paragraph 3 asserts a conclusion of law to which no response is required.

4. Paragraph 4 asserts a conclusion of law to which no response is required.

## PARTIES

5. Defendant admits that Plaintiff is an employee of the Defense Intelligence Agency ("DIA") and, on information and belief, that Plaintiff self-identifies as African American. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the remainder of this paragraph and, on that basis, denies them.

6. Defendant admits that DIA is a component of the Department of Defense. Defendant admits that the Secretary of Defense, as the head of the Department of Defense, is being sued in his official capacity. Defendant clarifies that James N. Mattis is currently the Secretary of Defense.

**FACTS**

7. Defendant admits that Plaintiff is a DIA employee but denies the remainder of this allegation.

8. Defendant admits that a Supervisory Human Resources Specialist is a 201 series position but denies Plaintiff's description of that position.

9. Defendant admits that Plaintiff was graded a GG-14 during the period referenced.

10. Defendant admits that Plaintiff was at least 52 years of age during the period referenced.

11. Defendant admits the allegations.

12. Defendant admits the allegations.

13. Defendant denies the allegation.

14. Defendant admits the allegation.

15. Defendant admits the allegation.

16. Defendant admits the allegation.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

18. Defendant admits the allegation.

19. Defendant admits the allegation.

20. Defendant admits the allegation.

21. Defendant admits the allegation.

22. Defendant admits the allegation.

23. Defendant admits the allegation.

24. Defendant denies the allegations.

25. Defendant denies the allegation.

26. Defendant denies the allegation.

27. Defendant denies the allegation.

28. Defendant denies the allegation.

29. Defendant admits the allegations.

30. Defendant denies the allegation.

31. Defendant admits the allegations.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

33. Defendant admits the allegation.

34. Defendant admits the allegation.

35. Defendant admits the allegation.

36. Defendant admits the allegation.

37. Defendant admits the allegation.

38. Defendant admits the allegation.

39. Defendant admits the allegation.

40. Defendant denies the allegations.

41. Defendant admits the allegation.

42. Defendant admits only that Redding was found to be qualified for the position.

43. Defendant admits that Nayak-Rhodes lacked the specific experience referenced in this paragraph, but Defendant denies that such experience was a requirement of the position as envisioned by the Director of the Office of Human Resources when she directed the advertisement of the vacancy.

44. Defendant denies the allegation.

As Paragraphs 45 through 60 correspond solely to Plaintiff's "Count II" claim of retaliation, which was dismissed by the Court in an order dated August 29, 2018, Defendant is not required to provide an Answer to these Paragraphs. However, to the extent any response is necessary, Defendant denies the allegations.

## COUNT I

61. Defendant incorporates by reference all prior responses as if fully set forth herein.

62. Defendant denies the allegations.

63. Defendant denies the allegations.

As Paragraphs 64 through 67 correspond solely to Plaintiff's "Count II" claim of retaliation, which was dismissed by the Court in an order dated August 29, 2018, Defendant is not required to provide an Answer to these Paragraphs. However, to the extent any response is necessary, Defendant denies the allegations.

## PRAYER FOR RELIEF

Paragraphs A to H contain Plaintiff's demand for damages, judgment, and other relief, which do not require a response. To the extent that one is deemed necessary, Defendant denies the allegations set forth in paragraphs A to H and specifically denies that Plaintiff is entitled to any relief whatsoever; however, if any damages are recovered, the amount of those damages may

be subject to and limited by 42 U.S.C. section 1981a, and any relief may be further limited by 42 U.S.C. section 2000e-5(g)(2)(B).

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein.

                                                Respectfully submitted,

                                                JESSIE K. LIU, D.C. Bar #472845
                                                United States Attorney

                                                DANIEL F. VAN HORN
                                                D.C. BAR # 924092
                                                Civil Chief

                                                By: _____/s/_____
                                                JEREMY S. SIMON, D.C. BAR #447956
                                                Assistant United States Attorney
                                                555 4th Street, N.W.
                                                Washington, D.C. 20530
                                                (202) 252-2528
                                                Jeremy.simon@usdoj.gov